Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Jenna M. Teeny, OSB No. 244519
jteeny@swlaw.com
Patricia Brum (*pro hac vice forthcoming*)
pbrum@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone: 503.624.6800
Facsimile: 503.624.6888

Attorneys for Defendant Oregon Reproductive Medicine, LLC d/b/a/ ORM Fertility

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| B.N., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OREGON REPRODUCTIVE MEDICINE, LLC d/b/a/ ORM FERTILITY,<br><br>Defendant. | Case No. 3:25-cv-00202-IM<br><br>**DEFENDANT OREGON REPRODUCTIVE MEDICINE, LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

## TABLE OF CONTENTS

**Page**


LR 7-1 CERTIFICATION ........ 6

MOTION ........ 6

I. INTRODUCTION ........ 6

II. THE ALLEGATIONS ........ 6

III. LEGAL STANDARD ........ 8

IV. ARGUMENT ........ 8

A. Plaintiff Fails to State a Claim for Violation of the Electronic Communications Privacy Act 18 U.S.C. § 2510 *et seq*. (Count I) ........ 8

1. Plaintiff Fails to Allege Any Unlawful Interception ........ 9

2. Plaintiff Fails to Allege any Plausible Interception of "Contents" ........ 13

B. Plaintiff Has Failed to State a Claim for Negligence (Count II) ........ 14

C. Plaintiff Has Failed to State a Claim for Breach of Confidence (Count III) ........ 14

D. Plaintiff Has Failed to State a Claim for Unjust Enrichment (Count IV) ........ 15

V. CONCLUSION ........ 15




Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Novant Health, Inc.*,
2023 WL 5486240 (M.D.N.C. Aug. 24, 2023)....................10

*Alsea Veneer, Inc. v. State*,
318 Or. 33 (1993)....................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................8, 13

*B.K. v. Eisenhower Med. Ctr.*,
721 F. Supp. 3d 1056 (C.D. Cal. 2024)....................9, 13, 14

*Beckington v. Am. Airlines, Inc.*,
926 F.3d 595 (9th Cir. 2019)....................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................8

*Burtch v. Milberg Factors, Inc.*,
662 F.3d 212 (3d Cir. 2011)....................13

*Caro v. Weintraub*,
618 F.3d 94 (2d Cir. 2010)....................10, 11

*Centre Law & Consulting, LLC v. Axiom Res. Mgmt., Inc.*,
456 F. Supp. 3d 765 (E.D. Va. 2020)....................8

*Cron v. Zimmer*,
255 Or. App. 114 (2013)....................15

*Depot, Inc. v. Caring for Montanans, Inc.*,
915 F.3d 643 (9th Cir. 2019)....................8

*Doe v. Kaiser Foundation Health Plan, Inc.*,
2024 WL 1589982 (N.D. Cal, Apr. 11, 2024)....................11

*In re Facebook Internet Tracking Litig.*,
263 F. Supp. 3d 836 (N.D. Cal. 2017)....................8

*Facebook Internet Tracking Litigation*,
140 F. Supp. 3d 922 (N.D. Cal. 2015)....................13



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

*In re Facebook Privacy Litig.*,
791 F. Supp. 2d 705 (N.D. Cal. 2011) ....................9

*In re Ford Tailgate Litig.*,
2014 WL 1007066 (N.D. Cal. Mar. 12, 2014)....................15

*In re Google Cookie Placement Consumer Privacy Litigation*,
806 F.3d 125 (3d Cir. 2015)....................9, 10, 11

*Humphers v. First Interstate Bank of Oregon*,
298 Or. 706 (1985)....................14

*K.L. v. Legacy Health*,
No. 3:23-CV-1886-SI, 2024 WL 4794657 (D. Or. Nov. 14, 2024)....................12

*Kurisu v. Svenhard's Swedish Bakery Supplemental Key Mgmt. Ret. Plan*,
2022 WL 6733328 (D. Or. Oct. 11, 2022)....................8

*Kurowski v. Rush Sys. for Health*,
659 F. Supp. 3d 931 (N.D. Ill. 2023) ....................9, 11

*Larisa's Home Care, LLC v. Nichols-Shields*,
362 Or. 115 (2017)....................15

*M.R. v. Salem Health Hosps. & Clinics*,
No. 6:23-CV-01691-AA, 2024 WL 3970796 (D. Or. Aug. 28, 2024) ....................12

*Mashiri v. Epsten Grinnell & Howell*,
845 F.3d 984 (9th Cir. 2017) ....................8

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ....................11

*In re Nickelodeon Consumer Privacy Litig.*,
827 F.3d 262 (3d Cir. 2016)....................9

*Nienaber v. Overlake Hospital Med. Ctr.*,
2024 WL 2133709 (W.D. Wash., May 13, 2024)....................11

*Okash v. Essentia Health*,
No. CV 23-482, 2024 WL 1285779 (D. Minn. Mar. 26, 2024)....................12

*Pena v. GameStop, Inc.*,
2023 WL 3170047 (S.D. Cal. Apr. 27, 2023)....................10

*Piazza ex rel. Piazza v. Kellim*,
271 Or. App. 490 (2015), *aff'd*, *Piazza v. Kellim*, 360 Or. 58 (2016) ....................14



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

*Rodriguez v. FastMed Urgent Care, P.C.*,
741 F. Supp. 3d 352 (E.D.N.C. 2024)....................................................................9, 10, 11

*Roe v. Amgen Inc.*,
No. 2:23-CV-07448-MCS-SSC, 2024 WL 2873482 (C.D. Cal. June 5, 2024).......................11

*Sussman v. Am. Broad. Cos.*,
186 F.3d 1200 (9th Cir. 1999) ...............................................................................................11

*Winters v. County of Clatsop*,
210 Or. App. 417 (2007)..........................................................................................................15

*In re Zynga Privacy Litigation*,
750 F.3d 1098 (9th Cir. 2014) ...............................................................................................13

**Statutes**

18 U.S.C. § 2510(8) ..................................................................................................................13

18 U.S.C. § 2510 *et seq*..........................................................................................................7, 8

18 U.S.C. § 2511(2)(d) .....................................................................................................9, 10, 11

**Rules**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................6, 8



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

## LR 7-1 CERTIFICATION

In compliance with Local Rule 7-1(a), counsel for Defendant Oregon Reproductive Medicine, LLC d/b/a/ ORM Fertility ("ORM Fertility") certifies the parties made a good faith effort to resolve the disputes at issue in this motion and were unable to do so.

## MOTION

ORM Fertility respectfully requests that the Court dismiss Plaintiff B.N.'s ("Plaintiff") Class Action Complaint ("Complaint") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## I. INTRODUCTION

Plaintiff's Complaint is one of many putative class actions filed against healthcare providers across the country challenging the widespread use of third-party analytics tools on healthcare websites. Plaintiff alleges that ORM Fertility violated her privacy rights by implementing a commonplace tool known as LinkedIn Insight Tag on its public-facing website. She asserts, in conclusory terms, that this code embedded on ORM Fertility's website caused her protected health information ("PHI") to be transmitted to LinkedIn Corporation ("LinkedIn"). Plaintiff further alleges that the information transmitted through the code—which consists of basic browsing data and click history—constitutes PHI and personally identifiable information ("PII"). Plaintiff's claims fail as a matter of law. As detailed below, the Complaint does not allege sufficient facts to establish the essential elements of any of her four causes of action and should be dismissed pursuant to Rule 12(b)(6).

## II. THE ALLEGATIONS

ORM Fertility is an Oregon limited liability company that provides fertility services and treatments in Portland, Oregon. Compl. ¶ 13. Plaintiff is domiciled in Portland, Oregon and alleges that she is a patient of ORM Fertility, having used ORM Fertility's website to book a fertility treatment. *Id.* ¶¶ 7-8.

ORM Fertility operates a website, www.ormfertility.com ("Website"). *Id.* ¶ 13. The Website is a public website through which <u>anyone</u> with an internet connection (including patients,



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

non-patients, their families, doctors, visitors, prospective employees, etc.) can access general information about ORM Fertility, identify ORM Fertility facilities and services, seek employment, schedule initial consultations, and more. *See generally*, Compl. ¶¶ 1, 13, 59, 83.

Plaintiff generally alleges the Website contains a software code known as LinkedIn Insight Tag ("Pixel") that disclosed patients' personally identifiable information and protected health information (collectively, "Private Information") to LinkedIn. Compl. ¶¶ 61, 63, 67. The alleged Private Information ORM Fertility purportedly collected and shared with LinkedIn does <u>not</u> include communication between patients and doctors, or any treatment a patient may be receiving from ORM Fertility. Rather, it is a user's page views, search terms, and button clicks. Compl. ¶¶ 61-63. Plaintiff expressly alleges that ORM Fertility utilized the Pixel "for advertising purposes." Compl. ¶¶ 13, 58. Plaintiff further alleges ORM Fertility's purpose when using the Pixel was to commit crimes and torts – though she provides no facts in support of this baseless allegation. Compl. ¶ 104. Plaintiff alleges the Private Information has financial value and that LinkedIn "sells" these data to "its advertising clients." Compl. ¶ 68.

Plaintiff alleges she booked "<u>consultation services for fertility services"</u> via the Website in May 2022 and March 2024. Compl. ¶ 7. She further alleges that after the consultation, she "received services related to fertility treatment" from ORM Fertility. Compl. ¶ 8. Plaintiff does not allege that ORM Fertility disclosed any Private Information relating to her "fertility treatment." Rather, her claims are based on a purported disclosure of her web browsing history before she even became a patient or received any treatment.

Based on these allegations, Plaintiff asserts the following claims against ORM Fertility: Count I - violation of the Electronic Communications Privacy Act 18 U.S.C. § 2510 *et seq.* ("ECPA"); Count II – Negligence; Count III – Breach of Confidence; and Count IV – Unjust Enrichment. Plaintiff purports to represent a class of "all persons in the United States, who during the class period, had a LinkedIn account and booked a consultation on www.ormfertility.com" and a class of "all persons in Oregon who, during the class period, had a LinkedIn account and booked consultation on www.ormfertility.com." Compl. ¶¶ 77-78.



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient "well-pleaded, nonconclusory factual allegations," accepted as true, to state a "plausible claim for relief." *Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019) (internal alterations omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009)). "The plausibility standard is not akin to a probability requirement, … it asks for more than a sheer possibility that a defendant has acted unlawfully." *Kurisu v. Svenhard's Swedish Bakery Supplemental Key Mgmt. Ret. Plan*, 2022 WL 6733328, at *2 (D. Or. Oct. 11, 2022) (citing *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017)) (internal quotation marks omitted).

As the Supreme Court made clear in *Bell Atl. Corp. v. Twombly*, factual allegations must be enough to raise a right to relief above the speculative level. 550 U.S. 544, 555 (2007). Dismissal is therefore appropriate where the complaint lacks either a "cognizable legal theory" or sufficient factual allegations to support one. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 652–53 (9th Cir. 2019).

## IV. ARGUMENT

### A. Plaintiff Fails to State a Claim for Violation of the Electronic Communications Privacy Act 18 U.S.C. § 2510 *et seq*. (Count I)

To state a claim under the relevant provisions of the ECPA, a plaintiff must allege that the defendant: (1) intentionally (2) intercepted or attempted to intercept (3) the contents of (4) an electronic communication (5) using a device. *Centre Law & Consulting, LLC v. Axiom Res. Mgmt., Inc.*, 456 F. Supp. 3d 765 (E.D. Va. 2020); *see also In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017). Plaintiff cannot satisfy at least the second and third elements, and the ECPA claim should be dismissed as a matter of law, without leave to amend.



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

1. <u>Plaintiff Fails to Allege Any Unlawful Interception</u>

Plaintiff cannot demonstrate that any communication was unlawfully "intercepted" by ORM Fertility. The ECPA is a one-party consent statute, meaning it does not prohibit the interception of electronic communications by a party to the communication. *See* 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful under this chapter for a person ... to intercept a wire, oral, or electronic communication where such person is a party to the communication[.]"); *see also In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 275 (3d Cir. 2016) (noting the Wiretap Act's one-party consent rule).

Put simply, a party to a communication cannot be held liable for "intercepting" a message intended for itself, nor can it be accused of unlawfully eavesdropping on its own communications. Courts routinely apply this principle to dismiss ECPA claims. In *Nickelodeon*, for example, the court dismissed claims where the defendant "was either a party to all communications with the plaintiffs' computers or was permitted to communicate with the plaintiffs' computers by Viacom, who was itself a party to all such communications." *Id.* Likewise, in *In re Google Cookie Placement Consumer Privacy Litigation*, 806 F.3d 125, 142–43 (3d Cir. 2015), the court dismissed an ECPA claim, holding that the advertiser receiving data via tracking cookies was the intended recipient of the transmission. *See also In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 713 (N.D. Cal. 2011) (dismissing ECPA claim on the same basis).

Recent decisions in *Rodriguez, B.K.*, and *Kurowski*, *infra*, confirm that users of a healthcare provider's website cannot state a claim under the ECPA when the provider is the intended recipient of the communication. Because the provider is a party to the communication, it cannot have "intercepted" it within the meaning of the statute. *See B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024) ("the party exception to Plaintiffs' ECPA ... claim[] exempts Defendants from liability"); *Kurowski v. Rush System for Health*, 2023 WL 2349606, at *4 (N.D. Ill. Mar. 3, 2023) ("The Court concludes that Rush—and not Facebook, Google, or Bidtellect—was the intended recipient of the allegedly intercepted communications here. Rush is therefore a party to those communications and cannot be liable under the Wiretap Act for its alleged


Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

interception of them, if such an interception even occurred."); *see also Allen v. Novant Health, Inc.*, 2023 WL 5486240, at *4 (M.D.N.C. Aug. 24, 2023); *Pena v. GameStop, Inc.*, 2023 WL 3170047, at *3 (S.D. Cal. Apr. 27, 2023).

ORM Fertility is similarly situated and falls squarely within the party exception. While the ECPA contains a narrow carve-out for communications intercepted "for the purpose of committing any criminal or tortious act" (18 U.S.C. § 2511(2)(d)), this "crime-tort exception" applies only where the alleged criminal or tortious act is independent from the act of interception itself. As the Third Circuit has explained, "a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording." *In re Google Cookie*, 806 F.3d at 145 (emphasis in original) (quoting *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010)).

Plaintiff's ECPA claim against ORM Fertility rests solely on the alleged transmission of browsing activity from ORM Fertility's public facing website. *See, e.g.*, Compl. ¶¶ 59-61 (alleging that ORM Fertility intercepted communications by installing and implementing LinkedIn Pixel). Plaintiff expressly alleges that ORM Fertility installed the Pixel for commercial purposes – i.e., target advertising. Compl. ¶¶ 13, 58. Indeed, she alleges in detail how LinkedIn target advertising works in her Complaint. Compl. ¶¶ 36-58. Despite the foregoing, she then concludes – without any factual support – that her ECPA claim is viable under the so-called "crime-tort exception" of 18 U.S.C. § 2511(2)(d). *See* Compl. ¶ 105. Courts have rejected similar arguments.

*Rodriguez v. FastMed Urgent Care, P.C.*, 741 F. Supp. 3d 352, 363 (E.D.N.C. 2024) is instructive. The plaintiff in *Rodriguez* brought a claim for violation of the ECPA against a health care provider for alleged violation of the ECPA arising from the use of Meta pixels on the website. The plaintiff alleged that defendant shared the information with Meta for commercial purposes. *Rodriguez*, 741 F. Supp. 3d at 363. Despite the foregoing, the plaintiff in *Rodriguez* also alleged her ECPA claim was viable under the crime-tort exception. *Id.* The *Rodriguez* court granted the defendant's motion to dismiss the ECPA claim reasoning:

> "The court need not accept Rodriguez's legal conclusions in her complaint about [defendant's] alleged purposes for intercepting and



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

> disclosing her data to Meta. The "mere possibility" … that [defendant] intercepted and disclosed Rodriguez's data to Meta "for the purpose of committing any criminal or tortious act" does not suffice. Even viewing Rodriguez's complaint in the light most favorable to Rodriguez, [defendant's] intercepted and disclosed the class members' information for commercial use or gain, not to commit a crime or tort…. Accordingly, Rodriguez's federal claim [for violation of the ECPA] fails."

*Rodriguez*, 741 F. Supp. 3d at 363-64 (citing to *In re Google Cookie*, 806 F.3d 125, 145 (3d Cir. 2015); *Caro*, 618 F.3d at 99–101; *Sussman v. Am. Broad. Cos.*, 186 F.3d 1200, 1202–03 (9th Cir. 1999); *Kurowski*, 659 F. Supp. 3d at 936–40.

This case is analogous to *Rodriguez* because Plaintiff similarly repeatedly alleges that the purpose of the purported interception by ORM Fertility was for commercial gain—namely, targeted advertising—and yet, she then provides a legal conclusion that ORM Fertility's purpose was for committing a criminal or tortious act. *See* Compl. ¶¶ 13, 58, 104. Plaintiff provides no factual support for this legal conclusion. As in *Rodriguez*, such allegations are insufficient as a matter of law to invoke the crime-tort exception, and the ECPA claim here should likewise be dismissed.

Other courts have reached the same conclusion. *See, e.g.*, *Doe v. Kaiser Foundation Health Plan, Inc.*, 2024 WL 1589982, at *10 (N.D. Cal, Apr. 11, 2024) (dismissing plaintiff's ECPA claim that alleged a violation of HIPAA, because "the act of interception itself cannot be the crime or the tort. Violation of HIPAA was not the purpose of the alleged interception"; "rather, the apparent purpose was to use the information collected for market research and consumer analysis[.]"); *Nienaber v. Overlake Hospital Med. Ctr.*, 2024 WL 2133709, at *15 (W.D. Wash., May 13, 2024) (dismissing ECPA claim against medical center in pixel tracking case, holding "the 'criminal or tortious acts contemplated by § 2511(2)(d) are acts secondary to the acquisition of the communication involving tortious or criminal use of the interception's fruits'" and quoting *In re Google Cookie*, 806 F.3d at 145); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 797 (N.D. Cal. 2022) (a commercial or marketing related motive is not criminal or tortious such that the crime-tort exception can be invoked); *Roe v. Amgen Inc.*, No. 2:23-CV-07448-MCS-SSC, 2024


Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

WL 2873482, at *6 (C.D. Cal. June 5, 2024) (same); *Okash v. Essentia Health*, No. CV 23-482 (JRT/LIB), 2024 WL 1285779, at *4 (D. Minn. Mar. 26, 2024) (holding that because "neither the alleged HIPAA nor privacy violations were independent of the interception, the crime-tort exception does not apply").

To ORM Fertility's knowledge, only two district courts in Oregon have considered this issue: *K.L. v. Legacy Health*, No. 3:23-CV-1886-SI, 2024 WL 4794657, at *1 (D. Or. Nov. 14, 2024) and *M.R. v. Salem Health Hosps. & Clinics*, No. 6:23-CV-01691-AA, 2024 WL 3970796 (D. Or. Aug. 28, 2024). *Legacy Health and Salem Health Hosps.* reached different results regarding defendant's challenge to the ECPA claim. The *Salem Health Hosps.* court denied the motion and found the allegations sufficient to establish the crime/tort exception. *Legacy Health* court, on the other hand, considered *Salem Health Hosps.*'s ruling, but reached a different result. The *Legacy Health* court recognized that "[c]ourts around the country, including courts within this circuit, are divided on the issue of whether a HIPAA violation may constitute an independent crime under ECPA." 2024 WL 4794657, at *6. Nonetheless, it granted defendant's motion to dismiss as to the ECPA claim insofar as they concerned activities on defendant's public website and denied to the extent they arose from alleged pixels on the patient's portal. *Id*, at *11. Neither decision is binding on this Court. However, to the extent that they may be persuasive, *Legacy Health* decision is much more similar to the allegations of this case as it differentiates between pixels running on a public facing website (which does not give rise to a ECPA claim) versus pixels running on a patient portal which is password protected. The former, which is akin to the instant case, does not give rise to a ECPA claim.

In sum, persuasive authority, as well as Plaintiff's own allegations, make clear that ORM Fertility was a party to—and the intended recipient of—any alleged communications. Accordingly, Plaintiff cannot establish the second essential element of an ECPA claim: an unlawful "interception" of a communication. The claim should therefore be dismissed with prejudice, as amendment would be futile.



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

2. Plaintiff Fails to Allege any Plausible Interception of "Contents"

Plaintiff's ECPA claim also fails because the Complaint does not allege any facts showing that the *contents* of a communication were disclosed to LinkedIn or any third party. The ECPA defines "contents" as "any information concerning the substance, purport, or meaning" of a communication. 18 U.S.C. § 2510(8). Courts have consistently interpreted this to mean the actual intended message conveyed—not metadata or technical information related to the transmission.

For example, in *In re Zynga Privacy Litigation*, the Ninth Circuit held that "content" is distinct from "record" information such as a user's name or the URL of a webpage, which merely reflects the location of a resource and not the substance of a communication. 750 F.3d 1098, 1107–08 (9th Cir. 2014). Likewise, in *Facebook Internet Tracking Litigation*, the court held that a URL does not constitute "contents" under the ECPA because it is simply "record information regarding the characteristics of the message that is generated in the course of the communication." 140 F. Supp. 3d 922, 935 (N.D. Cal. 2015).

Here, Plaintiff does not allege that any actual message content—such as the substance of a conversation with a healthcare provider—was transmitted. Instead, Plaintiff relies on vague references to "medical information," "health information," and "PHI" being sent to LinkedIn, but these are unsupported by specific factual allegations. Such conclusory statements are legally insufficient. *See Ashcroft v. Iqbal*, 556 U.S. at 678; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011).

In fact, courts have dismissed similar claims for this very reason. In *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d at 1064, for instance, the court rejected nearly identical allegations under California law, holding that the plaintiffs failed to "allege what, if any, medical information or medical records were transmitted or disclosed." The court found that general claims about patients and hypothetical scenarios did not amount to specific factual allegations of content disclosure. In short, Plaintiff has failed to plead the required element of content interception under the ECPA, and the claim should be dismissed accordingly.



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

**B. Plaintiff Has Failed to State a Claim for Negligence (Count II)**

Plaintiff's claim for negligence fails because she has not adequately pleaded breach. To prevail on a negligence claim, a plaintiff must plausibly allege: (1) the defendant's conduct created a foreseeable risk of harm; (2) the risk threatened a legally protected interest; (3) the defendant's conduct was unreasonable in light of that risk; (4) the conduct was a cause-in-fact of the plaintiff's harm; and (5) the plaintiff's injury fell within the class of harms that made the defendant's conduct negligent in the first place. *Piazza ex rel. Piazza v. Kellim*, 271 Or. App. 490, 516 (2015), *aff'd*, *Piazza v. Kellim*, 360 Or. 58 (2016). Here, Plaintiff fails to adequately plead a breach. As such, the negligence claim is deficient and should be dismissed.

Plaintiff has not alleged any facts demonstrating that her medical records—or those of any individual—were disclosed to a third party, nor that any specific diagnosis, treatment, or medication information was shared. Indeed, Plaintiff's entire theory of liability is based on ORM Fertility allegedly sharing a user's browsing history on a public facing website before that user received any treatment from ORM Fertility or spoke with any medical professionals. As a result, Plaintiff fails to demonstrate that ORM Fertility's conduct was unreasonable. *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d at 1064.

**C. Plaintiff Has Failed to State a Claim for Breach of Confidence (Count III)**

Under Oregon law, a claim for breach of confidence arises from the principle that "unauthorized and unprivileged disclosure of confidential information obtained in a confidential relationship can give rise to tort damages." *Humphers v. First Interstate Bank of Oregon*, 298 Or. 706, 717 (1985). This duty to maintain confidentiality may be "imposed as a condition of engaging in the professional practice of medicine[.]" *Humphers*, 298 Or. at 718 (citations omitted).

A plaintiff asserting a breach of this nonconsensual duty must specifically identify both its legal source and its terms. Where the duty is based on a statute or regulation, the plaintiff must show that the rule validly applies to the facts alleged—regardless of whether it is actively enforced by regulatory authorities. *Id.* at 719.



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

Here, Plaintiff has failed to allege any facts showing that her medical information was actually transmitted to LinkedIn or any other third party. Absent such factual support, her claim for breach of confidence cannot stand and should be dismissed without leave to amend.

**D. Plaintiff Has Failed to State a Claim for Unjust Enrichment (Count IV)**

To prevail on a claim for unjust enrichment under Oregon law, a plaintiff must establish that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware it received the benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without compensating the plaintiff. *Winters v. County of Clatsop*, 210 Or. App. 417, 421 (2007); *Cron v. Zimmer*, 255 Or. App. 114, 130 (2013); *see also Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 124-31 (2017) (discussing Oregon's unjust enrichment framework). Plaintiff's unjust enrichment claim fails because equitable relief, such as restitution, is not available where an adequate remedy at law exists.

Equitable relief does not lie if there is an adequate remedy at law. *Alsea Veneer, Inc. v. State*, 318 Or. 33, 36 (1993); *see also In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (dismissing equitable relief claims that relied on the same factual basis as legal claims, finding they were duplicative and not truly alternative theories of recovery). Here, Plaintiff's legal claims, if viable, would provide sufficient remedies. As such, the unjust enrichment claim is barred because Plaintiff has not shown the absence of an adequate legal remedy.

Moreover, Plaintiff has not alleged the financial gain that ORM Fertility alleged obtained from the purported disclosure. To the contrary, Plaintiff alleges that LinkedIn is the one selling/monetizing the data, but there is no such allegation as to ORM Fertility. *See* Compl., ¶ 62. Accordingly, Plaintiff's claim for unjust enrichment must be dismissed.

**V. CONCLUSION**

For the foregoing reasons, ORM Fertility respectfully requests that the Court grant its motion to dismiss.



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

DATED this 30th day of June, 2025.

SNELL & WILMER L.L.P.

*/s/ Jenna M. Teeny*

Clifford S. Davidson, OSB No. 125378
Jenna M. Teeny, OSB No. 244519
Patricia Brum (*pro hac vice forthcoming*)

Attorneys for Defendant Oregon Reproductive Medicine, LLC d/b/a/ ORM Fertility

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 3,550 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.



Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800